**SO ORDERED.**

**SIGNED this 18th day of April, 2024.**



LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CHADLEY CAPITAL, LLC** | ) | **CASE NO. 24-10170** |
| | ) | |
| **DEBTOR.** | ) | **CHAPTER 7** |
| | ) | |

**ORDER GRANTING MOTION FOR TURNOVER**

**THIS MATTER** came before the Court for hearing on April 18, 2024 upon the Motion for Turnover (Doc. No. 23) (the "Motion") filed by Brian R. Anderson, Chapter 7 Trustee. At the hearing, Brian R. Anderson appeared in his capacity as Chapter 7 Trustee and Sarah D. Bruce appeared on behalf of the United States Bankruptcy Administrator. Mr. William Rhew III did not appear at the hearing and no one appeared on behalf of the Debtor, who is *pro se*. After due and proper notice to all parties in interest and after having reviewed the Motion, the evidence presented at the hearing, the arguments of counsel at the hearing, and the entire official record, the Court finds and concludes that the Motion shall be granted pursuant to 11 U.S.C. §§ 542(a) and 542(e).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Trustee's Motion hereby is GRANTED;

2. Within twenty-four (24) hours of the entry of this Order, the Debtor and William Rhew III, as the designated person responsible for performing the Debtor's duties, shall turn over and deliver to the Trustee (a) any and all cryptocurrency wallets, hard drives, USB drives, computers, tablets and phones; and (b) any and all information necessary to take control of and access the cryptocurrency accounts, contents of the aforementioned property, and other electronic records of the Debtor including, but not limited to, passphrases, seed phrases, personal identification numbers, usernames, and passwords;

3. Within seven (7) days of the entry of this Order, the Debtor and William Rhew III, as the designated person responsible for performing the Debtor's duties, shall turn over and deliver to the Trustee all other property of the Debtor and all recorded information in the Debtor's possession, custody, or control related to Debtor's property or financial affairs; and

4. If the Debtor and its designee William Rhew III do not comply with the deadlines and directives listed in the preceding paragraphs 2 and 3 of this Order, then the Trustee shall promptly file a declaration attesting to the Debtor's and Mr. Rhew's non-compliance. Upon such filing, the Court will enter an order and set a hearing — <u>which, as it relates to the requirements of paragraph 2, could be scheduled as soon as Wednesday, April 24</u> — requiring the Debtor and William Rhew III to show cause as to why they should not be held in contempt for failing to comply with this Order.

5. The Trustee shall serve a copy of this Order on the Debtor, Mr. William Rhew, III, any counsel representing William Rhew, III, all other parties in interest, and the United States Bankruptcy Administrator. Such service shall be provided immediately (i) by hand delivery, overnight delivery, facsimile, or electronic transmission, and (ii) by first class mail. The Trustee shall file a certificate of service with the Clerk of Court evidencing such service no later than 5:00 p.m. on April 18, 2024.

**[END OF DOCUMENT]**