

**SO ORDERED.**

**SIGNED this 29th day of May, 2024.**

                                              LENA MANSORI JAMES
                                  UNITED STATES BANKRUPTCY JUDGE

---

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Chadley Capital, LLC, | ) | Case No. 24-10170 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

### ORDER
### CONDITIONALLY RELEASING WILLIAM RHEW, III FROM THE CUSTODY OF THE UNITED STATES MARSHAL SERVICE AND SETTING A FURTHER HEARING

This matter came before the Court on May 29, 2024 for a further status hearing on William Rhew, III's contempt of this Court's Order Granting Motion for Turnover (Docket No. 33, the "Turnover Order"). All interested parties having received notice, Brian Anderson, chapter 7 trustee (the "Trustee"), Robert E. Price, Jr., Assistant Bankruptcy Administrator, and Joshua Bennett, attorney for Rhew, appeared at the hearing.

This Court has already found Rhew in contempt of the Turnover Order in orders dated April 25, 2024 (Docket No. 45), April 29, 2024 (Docket No. 49), May 8, 2024 (Docket No. 65), May 16, 2024 (Docket No. 69), and May 22, 2024 (Docket No. 73). As of the date of this order, Rhew remains in contempt. He has not turned over estate assets, including cryptocurrency wallets, codes, and passphrases, with a value of over $27,000,000 by his own estimate. Rhew has also consistently slow-played his cooperation with the Trustee, providing fragments of information just prior to each scheduled hearing, and has failed to provide meaningful

1

documentation evidencing the past or present location of estate assets or potential transfers. Following the hearing on May 22, 2024, after finding that Rhew remained in contempt, the Court issued an order remanding Rhew into the custody of the United States Marshal Service until he complied with the Turnover Order or showed cause as to why he was unable to do so. The Court also set a further hearing on May 29, 2024, to evaluate the propriety of continued custody.

At the May 29th hearing, Rhew was brought before the Court by the United States Marshal Service and provided further testimony as to the nature of the cryptocurrency assets, his prior attempts at hindering the Trustee's efforts to administer the case, and his intended efforts to comply with the Turnover Order going forward. As in prior hearings, there were significant information gaps and unanswered questions throughout Rhew's testimony, as well as newly uncovered information such as Rhew's use of a personal email account to complete and record cryptocurrency transactions. As stated in its prior order, the Court remains unable to find Rhew's testified inability to locate assets to be credible given the inconsistencies in his testimony, his admission that he has not told the truth in the past, and his repeated use of delay tactics in this proceeding. Given Rhew's self-described "paranoia" regarding the security of the passphrases, the Court remains unable to find Rhew's testified inability to locate the correct passphrases for the wallets credible.

The Trustee and the Bankruptcy Administrator, however, expressed support for Rhew's conditional release from custody subject to his full and specific cooperation with the Trustee's efforts to locate the estate's assets. Rhew affirmatively agreed to cooperate with the Trustee's efforts as a condition for his release. Given the parties' representations, and in order to facilitate the Trustee's efforts to efficiently administer this case and afford Rhew every opportunity to comply with the Turnover Order or to establish his inability to comply, the Court will allow Rhew to be released from custody until a further hearing on June 10, 2024, provided that he complies with the terms and conditions set forth herein. The Court will also continue to impose a coercive daily fine of $500 on Rhew as a

sanction for his civil contempt. The Court expects Rhew to pay the outstanding total of accrued daily fines and the as-yet-undetermined compensatory sanction of the Trustee's attorney's fees and costs.

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. The United States Marshal Service is directed to release William Rhew, III from its custody.
2. Rhew's release from custody is conditional and is not a determination that his contempt of the Turnover Order has been purged. The Court's prior findings regarding Rhew's contempt of the Turnover Order and the basis for his coercive incarceration remain in place, as supported further by the findings made on the record at the hearing held on May 29, 2024.
3. Rhew's conditional release can be withdrawn at any time and he will be remanded back into the custody of the United States Marshal Service upon a showing that he has failed to meet the following conditions agreed upon by the Trustee and Rhew:
    - <u>Meeting on May 30, 2024.</u> Rhew must appear at the Trustee's office on Thursday, May 30 at 9:00 a.m. Rhew will appear with the username and password for his Gmail account. Rhew will appear with any other information needed to access that account as well as the email accounts for Chadley Capital. Rhew will also bring the new Trezor wallet if it has been delivered to him. Rhew will remain until released by the Trustee.
    - <u>Meeting on June 4, 2024.</u> Rhew will appear at the Trustee's office on Tuesday, June 4 at 9:00 a.m. to answer any questions that the Trustee may have at that time and to assign the assets of Chadley Capital referenced at the hearing on May 29, 2024.
4. William Rhew, III is <u>ORDERED</u> to attend a further hearing to be held at 10:00 a.m. on Monday, June 10, 2024 at the United States Bankruptcy Court, 601 W. 4th Street, Winston-Salem, North Carolina.

    The Court will assess Rhew's efforts to comply with the Turnover Order as well as the propriety of coercive incarceration or other sanctions for non-compliance. If Rhew does not sufficiently meet the conditions described in paragraph 3, or the Court determines that coercive incarceration is otherwise appropriate, he will be remanded again into the custody of the United States Marshal Service and shall remain in custody until he complies with the Turnover Order or shows cause as to why he is unable to do so.

5. If Rhew fails to comply with the conditions described in paragraph 3, the Trustee may request through the Courtroom Deputy that the Court set an emergency hearing to assess whether Rhew should be immediately remanded into the custody of the United States Marshal Service.

**END OF DOCUMENT**

# **PARTIES TO BE SERVED**

Chadley Capital LLC

Case No. 24-10170

John Paul Hughes Cournoyer, Bankruptcy Administrator

*via cm/ecf*

Brian Richard Anderson, Trustee

via cm/ecf

Robert A. Cox, Jr. on behalf of Petitioning Creditors

*via cm/ecf*

James R. Irving on behalf of Petitioning Creditors

*via cm/ecf*

Chadley Capital LLC

Attn: William Rhew, III

6081 Mountain Brook Road

Greensboro, NC 27455

William Rhew III

6081 Mountain Brook Road

Greensboro, NC 27455

Chadley Capital, LLC

c/o A Registered Agent, Inc.

8 The Green Ste 8260

Dover, DE 19901

Joshua H. Bennett

Bennett Guthrie PLLC

1560 Westbrook Plaza Drive

Winston-Salem, NC 27103