**SO ORDERED.**

**SIGNED** this 11th day of June, 2024.



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Chadley Capital, LLC, | ) | Case No. 24-10170 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |

### ORDER
### EXTENDING CONDITIONAL RELEASE OF WILLIAM RHEW, III, PAUSING DAILY FINES, AND SETTING FURTHER HEARING

This matter came before the Court on June 10, 2024 for a status hearing on William Rhew, III's contempt of this Court's Order Granting Motion for Turnover (Docket No. 33, the "Turnover Order") and to assess the propriety of coercive incarceration or other sanctions for non-compliance. Rhew and his attorney, Joshua Bennett, were present at the hearing as well as Brian Anderson, the chapter 7 trustee (the "Trustee"), and Robert E. Price, Jr., Assistant Bankruptcy Administrator. The Trustee reported that Rhew complied with the Court's most recent directive that he meet with the Trustee to facilitate access to certain email accounts; however, the Trustee stated that Rhew has failed to provide the cryptocurrency wallets and passphrases at issue in the Turnover Order.

This Court has already found Rhew in contempt of the Turnover Order in orders dated April 25, 2024 (Docket No. 45), April 29, 2024 (Docket No. 49), May 8, 2024 (Docket No. 65), May 16, 2024 (Docket No. 69), May 22, 2024 (Docket No. 73), and May 29, 2024 (Docket No. 84). As of the date of this order, and despite the imposition of daily fines and a period of coercive incarceration, Rhew remains in

1

contempt. According to the representations of the parties, Rhew has not yet complied with the Turnover Order's requirement that he deliver to the Trustee (a) any and all cryptocurrency wallets, hard drives, USB drives, computers, tablets and phones, and (b) any and all information necessary to take control of and access the cryptocurrency accounts, including passphrases, seed phrases, personal identification numbers, usernames, and passwords. (Docket No. 33, par. 2). Rhew has testified repeatedly that these assets exist and have an estimated value of over $27,000,000.

Based on his testimony at recent hearings and the representations of his counsel, Rhew's current position is that the cryptocurrency assets at issue are lost and that he is unable to locate or deliver them to the Trustee. Though the Court observes that Rhew has recently been cooperating with the Trustee's efforts to gather more information, the Turnover Order establishes a presumption that Rhew has continuing possession of the cryptocurrency assets, which he has not yet delivered to the Trustee. *See United States v. Rylander*, 460 U.S. 752, 760 (1983). Although Rhew may rebut this presumption by showing "a present inability to comply with the order in question," he carries the burden of production in showing that compliance with the Turnover Order "is now factually impossible." *Id.* At this stage, the Court is unable to find that Rhew has met that burden.

Nevertheless, in recognition of Rhew's cooperation and in exercising its broad discretion in determining the appropriate remedy for civil contempt, *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995), the Court will extend Rhew's conditional release from the custody of the United States Marshal Service contingent upon his continued cooperation with the Trustee and Bankruptcy Administrator, specifically his timely response to all inquiries and meeting requests from those parties. The Court will also terminate the $500 per day fine first imposed on April 26, 2024, (Docket No. 45), but reserves the right to reimpose such fine if Rhew's cooperation wanes or additional circumstances warrant. The Court will set a further status hearing on July 18, 2024, to address Rhew's compliance with the Turnover Order—or a showing of present inability to comply—and to

assess any proposed plan for Rhew's payment of the compensatory sanctions awarded to the Trustee[1] as well as the outstanding accrued daily fines.

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Rhew remains conditionally released from the custody of the United States Marshal Service. This conditional release is not a determination that his contempt of the Turnover Order has been purged, and the Court's prior findings regarding Rhew's contempt of the Turnover Order and the basis for his coercive incarceration remain in place.

2. Rhew's conditional release can be withdrawn and he will be remanded back into the custody of the United States Marshal Service upon a showing that he has failed to timely respond to inquiries and meeting requests from the Trustee and the Bankruptcy Administrator. Specifically, and as agreed to by Rhew and his counsel, Rhew must respond to any phone or email inquiry within 24 hours and must attend any in-person meeting within 48 hours of a request (unless the Trustee and Bankruptcy Administrator affirmatively agree to an alternate date for such meeting).

3. The $500 daily fine is paused effective as of June 10, 2023. The accrued outstanding total of the daily fines from April 26 – June 10, 2024 is $22,500. The Court reserves the right to reimpose daily fines if necessary to coerce Rhew's compliance.

4. William Rhew, III is <u>ORDERED</u> to attend a further hearing to be held at <u>10:00 a.m. on Thursday, July 18, 2024</u> at the United States Bankruptcy Court, 601 W. 4th Street, Winston-Salem, North Carolina. The Court will hear arguments and take evidence on Rhew's efforts to

---

[1] In its Order on April 25, 2024, as an additional remedy for civil contempt, the Court awarded the Trustee his reasonable attorney's fees and expenses incurred as a result of Rhew's noncompliance with the Turnover Order. (Docket No. 45). The Court subsequently entered an order on June 5, 2024, directing the Trustee to file an affidavit setting forth the amount of attorney's fees and costs associated with Rhew's noncompliance to date and affording Rhew an opportunity to object to the reasonableness of those fees and costs. (Docket No. 92).

comply with the Turnover Order or his present inability to comply. The Court will also assess the propriety of coercive incarceration or other sanctions for non-compliance. If the Court determines that coercive incarceration is otherwise appropriate, he will be remanded again into the custody of the United States Marshal Service and shall remain in custody until he complies with the Turnover Order or shows cause as to why he is unable to do so.

5. Rhew is directed to prepare and file, on or before June 20, 2024, a timeline describing the acquisition, location, and use of the cryptocurrency wallets and passphrases at issue in the Turnover Order and identified in his previous testimony, as well as any cryptocurrency transferred to or from each wallet. The timeline should include when Rhew acquired each wallet cited in his testimony and the Debtor's schedules (Docket No. 93), where and when the wallets and passphrases (and related information) were located and moved, their final known location, and the nature and amount of any cryptocurrency transfers to and from the wallets. The timeline should be accompanied by a declaration under penalty of perjury that the contents are true and correct to the best of Rhew's knowledge.

6. It is further ORDERED that to protect the estate's confidential research, development, or commercial information, the timeline is to be filed under seal and accessible only to Rhew, the Trustee, and the Bankruptcy Administrator until otherwise ordered by the Court. 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018.

**END OF DOCUMENT**

# **PARTIES TO BE SERVED**

## Chadley Capital LLC
## Case No. 24-10170

John Paul Hughes Cournoyer, Bankruptcy Administrator
*via cm/ecf*

Brian Richard Anderson, Trustee
*via cm/ecf*

Robert A. Cox, Jr. on behalf of Petitioning Creditors
*via cm/ecf*

James R. Irving on behalf of Petitioning Creditors
*via cm/ecf*

Joshua H. Bennett on behalf of William Lamar Rhew, III
*via cm/ecf*

Chadley Capital LLC
Attn: William Rhew, III
6081 Mountain Brook Road
Greensboro, NC 27455

William Rhew III
6081 Mountain Brook Road
Greensboro, NC 27455

Chadley Capital, LLC
c/o A Registered Agent, Inc.
8 The Green Ste 8260
Dover, DE 19901