**SO ORDERED.**

**SIGNED this 2nd day of July, 2024.**



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Chadley Capital, LLC, | ) | Case No. 24-10170 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |

### ORDER
### DETERMINING COMPENSATORY SANCTIONS AWARDED TO TRUSTEE

This case is before the Court on the Order Holding William Rhew, III in Contempt and Imposing Sanctions (Docket No. 45), in which the Court ordered, as a sanction for civil contempt, that Rhew compensate chapter 7 trustee Brian Anderson (the "Trustee") for his attorney's fees and costs caused by Rhew's noncompliance with the Order Granting Motion for Turnover (Docket No. 33, the "Turnover Order"). *See In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). In furtherance of the Court's directive, and to document and establish the compensatory sanctions owed to the Trustee and required to be paid by Rhew, the Court ordered the Trustee to file an affidavit setting forth the amount of attorney's fees and costs incurred as a result of Rhew's noncompliance with the Turnover Order. The Trustee timely filed an affidavit seeking $33,015.00 in fees and $1,506.87 in costs. (Docket No. 107). Rhew had 7 days to file any objection to the reasonableness of the Trustee's costs and fees. No objection was filed.

"A civil contempt sanction must serve either to (1) 'coerce obedience to a court order,' or (2) 'compensate the complainant for losses sustained as a result of the

contumacy.'" *Dmarcian, Inc. v. Dmarcian Eur. BV*, 60 F.4th 119, 146 (4th Cir. 2023) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004)). The Court has previously determined that ordering Rhew to pay the Trustee's reasonable attorney's fees and costs incurred because of Rhew's noncompliance with the Turnover Order is an appropriate compensatory remedy for his civil contempt. (Docket No. 45) (citing *In re Gen. Motors Corp.*, 61 F.3d at 258). The Court must now determine the specific amount Rhew must pay to ensure the sanction is "tailored to compensate the [Trustee]." *Buffington v. Baltimore Cnty., Md.*, 913 F.2d 113, 134 (4th Cir. 1990)).

In arriving at an appropriate award of attorney's fees, the Court must determine "the time and labor expended and the customary fees for like work," and then "consider whether to adjust the fee on the basis of other factors, briefly explaining any adjustment." *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 621 (4th Cir. 2018) (citing *Colonial Williamsburg Found v. Kittinger Co.*, 38 F.3d 133, 138 (4th Cir. 1994)). "[When] the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). When assessing the reasonableness of an attorney's hours and rates as part of a compensatory civil contempt sanction, the Court considers the twelve factors first described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[1] and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978);

---

[1] The twelve *Johnson* and *Barber* factors are (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (citing *Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)).

*see also Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 138 (4th Cir. 1994) (finding district court properly used the *Johnson* and *Barber* factors in determining the reasonable amount of attorney's fees awarded as a civil contempt sanction); *Goldman v. Trustcomm, Inc. (In re Skyport Global Communs.)*, 661 Fed. Appx. 835, 842 (5th Cir. 2016) (affirming bankruptcy court's calculation of civil contempt-related attorney's fees based upon the *Johnson* factors).

The Trustee's affidavit shows itemized time entries totaling 91.1 hours of attorney time at the rate of $375 per hour and 1.1 hours in paralegal time at the hourly rate of $150. The Court finds the entirety of the 92.2 hours billed were reasonable and resulted from Rhew's noncompliance with the Turnover Order. The Court also finds both the attorney and paralegal hourly rate to be reasonable. The $375-per-hour attorney rate aligns with the hourly rate the Bankruptcy Administrator views as presumptively reasonable in compensation requests from attorneys to chapter 7 trustees; moreover, it also represents a significant deduction from the attorneys' standard rates of $570 and $515 per hour. (Docket No. 107).[2] And as noted above, Rhew did not object to either the hours expended or the stated hourly rate.

The Court has thoroughly evaluated the Trustee's itemized billing entries and the proposed hourly rate against the *Johnson* and *Barber* factors, taking into consideration the time and labor expended, the difficulty of the issues presented, the customary fee for similar work in this District, and the Trustee's experience and ability. The Court has also carefully reviewed the entries to ensure that the Trustee's hours are not excessive, redundant, or otherwise unnecessary. Based on that review, the Court finds the $34,521.87 in requested fees and costs to be reasonable, incurred due to Rhew's noncompliance with the Turnover Order, and carefully tailored to compensate the Trustee for Rhew's contempt.

---

[2] Although it concerns trustees appointed under a different chapter of the Bankruptcy Code, the Court also observes that $375 per hour is the presumptively reasonable rate of compensation in this District for trustees appointed under subchapter V of chapter 11. Standing Order 21-04 (Bankr. M.D.N.C. Dec. 1, 2021).

Accordingly, IT IS HEREBY ORDERED that the Trustee is awarded $34,521.87 in fees and costs against William Rhew, III.

IT IS FURTHER ORDERED that William Rhew, III shall pay the full amount of $34,521.87 within 30 days of the entry of this Order unless the Court approves an alternative plan for Rhew's payment of (i) the Trustee's attorney's fees and (ii) the outstanding total of accrued daily fines. The Court will consider any such proposed payment plan at the further status hearing to be held in this case on July 18, 2024.

**END OF DOCUMENT**

## PARTIES TO BE SERVED

John Paul Hughes Cournoyer, Bankruptcy Administrator
*via cm/ecf*

Brian Richard Anderson, Trustee
*via cm/ecf*

Robert A. Cox, Jr. on behalf of Petitioning Creditors
*via cm/ecf*

James R. Irving on behalf of Petitioning Creditors
*via cm/ecf*

Joshua H. Bennett on behalf of William Lamar Rhew, III
*via cm/ecf*

Chadley Capital LLC
Attn: William Rhew, III
6081 Mountain Brook Road
Greensboro, NC 27455

William Rhew III
6081 Mountain Brook Road
Greensboro, NC 27455

Chadley Capital, LLC
c/o A Registered Agent, Inc.
8 The Green Ste 8260
Dover, DE 19901