**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CHADLEY CAPITAL LLC** ) | **CASE NO. 24-10170** |
| ) | |
| ) | **CHAPTER 7** |
| **DEBTOR.** ) | |
| _____ ) | |

**APPLICATION BY TRUSTEE TO EMPLOY GREERWALKER LLP
AS ACCOUNTANT**

    **NOW COMES**, Brian R. Anderson, the undersigned Trustee in the above-named case and respectfully represents to the Court:

1. On March 12, 2024, an involuntary Chapter 7 petition was filed against the Debtor and on April 5, 2024, this Court entered an order for relief.

2. Brian R. Anderson is the duly appointed, qualified and acting Chapter 7 trustee.

3. In order to perform his duties, the Trustee requires the services of a forensic accountant to assist the estate in the analysis of pre-petition transfers and transactions involving the Debtor and to provide other forensic accountant's services as may be required by the Trustee.

4. The Trustee desires to retain GreerWalker LLP ("GreerWalker") to be employed as the Trustee's forensic accountant in this case and to perform the services required by the estate, pursuant to the Engagement Agreement, attached hereto as <u>Exhibit A</u>.

5. GreerWalker has the appropriate skills and personnel needed to perform the services required by the estate. GreerWalker has previously been employed as a forensic accountant in bankruptcy cases and has experience and expertise in performing the types of services needed herein. GreerWalker has agreed to perform these services and thereafter make application to this Court for compensation and has agreed to accept as its fees such amount as is determined by the Court.

6. GreerWalker's normal and customary hourly fees range from $165.00 to $690.00 per hour, depending on the personnel assigned. William A. Barbee will be the primary partner assigned to this matter. Mr. Barbee's current standard hourly rate is $625.00, but he has agreed to a discounted hourly rate of $500.00 per hour for this engagement.

7. It is in the best interest of this estate that GreerWalker be employed to act as forensic accountant for the estate and to perform the services as described hereinabove to the estate.

8. GreerWalker is a disinterested persons as required by Section 327 of the Bankruptcy Code, does not hold or represent any interest adverse to the estate, and to the best of the applicant's knowledge have no connection with the debtor, the creditors or any other party in interest, or their respective attorneys or accountants, the United States Bankruptcy Administrator, or any person employed in the office of the United States Bankruptcy Administrator, other than as disclosed in the Declaration of William A. Barbee, attached hereto as <u>Exhibit B</u>.

**WHEREFORE**, the Trustee prays that the Court authorize the employment of GreerWalker LLP, as forensic accountant for the estate, and for such reasonable compensation as may later be approved by the Court, on an interim or final basis, upon proper application for such compensation.

This the 15TH day of October, 2024.

>  /s/ *Brian R. Anderson*
> Brian R. Anderson
> N.C. State Bar No. 37989
> Fox Rothschild LLP
> 230 N. Elm Street, Suite 1200
> Greensboro, NC 27401
> Telephone: 336.378.5205
> BRAnderson@FoxRothschild.com
> *Counsel for Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CHADLEY CAPITAL LLC** ) | **CASE NO. 24-10170** |
| ) | |
| ) | **CHAPTER 7** |
| **DEBTOR.** ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

    I hereby certified that I have served or caused to be served a copy of the foregoing **APPLICATION BY TRUSTEE TO EMPLOY GREERWALKER LLP AS FORENSIC ACCOUNTANT** and **DECLARATION** by electronic mail using the Court's CM/ECF electronic service and/or first-class Mail, postage prepaid, on the following parties as addressed below:

| | |
|---|---|
| John Paul H. Cournoyer<br>United States Bankruptcy<br>Administrator<br>Middle District of North Carolina<br>101 South Edgeworth Street<br>Greensboro, NC 27401 | Chadley Capital LLC<br>6081 Mountain Brook Rd<br>Greensboro, NC 27455 |
| William A. Barbee<br>GreerWalker LLP<br>The Carillon<br>227 West Trade St., Suite 100<br>Charlotte, NC 28202 | All parties that have filed a Notice of Appearance in the case |

    This the 15TH day of October, 2024.

                                                  /s/ *Brian R. Anderson*
                                                Brian R. Anderson
                                                N.C. State Bar No. 37989
                                                Fox Rothschild LLP
                                                230 N. Elm Street, Suite 1200
                                                Greensboro, NC 27401
                                                Telephone: 336.378.5205
                                                BRAnderson@FoxRothschild.com
                                                *Counsel for Chapter 7 Trustee*

3

EXHIBIT A



October 10, 2024

Brian Anderson, Esq.
Fox Rothschild LLP
101 S Tryon St Suite 1700,
Charlotte, NC 28246

RE: Bankruptcy Estate of Chadley Capital, LLC

Dear Mr. Anderson,

We are pleased to confirm our agreement (the "Engagement Agreement") regarding the services we will provide for for the Bankruptcy Estate of Chadley Capital LLC  (the "Client").  The CPA-Advisor/client relationship created by this Engagement Agreement is between GreerWalker LLP ("GreerWalker") and the Client.  The Client agrees that there are no intended third-party beneficiaries to this Engagement Agreement.  The Client agrees that no person or entity can be made an intended third-party beneficiary of this Engagement Agreement without an express written agreement signed by GreerWalker and the Client specifically identifying the intended third-party beneficiary and the services provided by GreerWalker under this Engagement Agreement that is intended to directly benefit the third-party.

**Services to be Provided**

It is understood that we are engaged to assist Client in the above-referenced matter.  It is further understood that we will report to directly to Brian Anderson, Bankruptcy Trustee for the Debtor, and that we will submit all reports, communications, and work product to Mr Anderson.  We understand that it may be necessary for you to share with us your theories of the case, strategy considerations, mental impressions, conclusions, and other thought processes that relate to your preparation of this matter for trial.  Consequently, we understand that the work performed by us may be confidential.  We further understand that if we are asked to testify, many such privileges may no longer apply.

This engagement is subject to court approval.

In performing our engagement, we will be relying on the accuracy and reliability of the financial data provided to us by the Client or any other parties involved in the case that is the subject of this engagement.  In connection with this engagement, we will not audit, compile, or review the financial statements or other data of any entities that are a party to this matter, and we will not express an opinion or any form of assurance on any such financial statements or data.  Our engagement cannot be relied on to disclose all errors, irregularities, or illegal acts, including fraud or defalcations that may exist at any such entities that may be associated with this engagement.  The Client will not hold us responsible for any loss or liability that may result from the non-discovery of any matters that might have an influence on this matter.

The Client agrees to provide us with all documentation and information, pursuant to our requests, that we believe are necessary to complete the engagement objectives as you may outline to us.  We will notify you of the Client's failure to meet such requests.  If we believe that the Client's failure to make reasonably requested information available prohibits us from making conclusions in accordance with engagement objectives, we will so notify you.  In such event, you will not hold GreerWalker responsible and all fees and expenses will be paid to us in accordance with the terms of the engagement.

**GreerWalker LLP  |  GreerWalker Wealth LLC  |  GreerWalker Corporate Finance LLC**
**Charlotte Office**   The Carillon | 227 West Trade St., Suite 1100 | Charlotte, NC 28202 | USA | Tel 704.377.0239
**Greenville Office**   Wells Fargo Center | 15 South Main St., Suite 800 | Greenville, SC 29601 | USA | Tel 864.752.0080

**Accounting & Tax | Wealth Management | Corporate Finance | greerwalker.com**

Bankruptcy Estate of Chadley Capital, LLC
October 10, 2024
Page 2

**Engagement Administration, Fees and Other**

We have provided the CV of William A. Barbee and currently he is considered an expert witness in this matter. If a court later determines that he may not offer testimony for any reason, such determination is not a breach of this agreement, and the Client will remain liable for payment of fees and expenses set forth below. Mr. Barbee is the project leader for the services, but due to circumstances outside our control, may not be available to sit for deposition or testify at trial or arbitration. In such circumstances, we will consult with the Firm regarding substituting another GreerWalker partner, principal, or employee for the original project leader.

Our fees in this matter are based on an hourly rate plus expenses incurred and are not contingent on the outcome of the case. We will bill the Client at standard rates, which currently range from $165-$690 per hour, depending on the personnel assigned. **Mr. Barbee's current standard hourly rate is $625 but we have agreed to a rate of $500 for Mr. Barbee.** Irrespective of the outcome of this matter, the Client will compensate our firm at our standard hourly rates for all time spent on this matter, whether or not the engagement is completed or its results are used. Out-of-pocket expenses will be billed separately on a direct reimbursement basis. Our billing on this engagement will be applied for and subject to approval by the court. The obligation to pay our fees is the direct responsibility of the Client.

We reserve the right to suspend or terminate our work for non-payment of fees. If the circumstances of this case require testimony by any partner or employee of GreerWalker, we may require payment in full for all work performed to date prior to our testimony. If our work is suspended or terminated, you agree that we will not be responsible for your failure to meet court, governmental and other deadlines, for any penalties or interest that may be assessed against you resulting from your failure to meet such deadlines, and for any other damages (including but not limited to consequential, indirect, lost profits, or punitive damages) incurred as a result of the suspension or termination of our services.

Our work, to be performed under your direction, is to perform such tasks as may be identified during the course of this engagement. However, we may refuse to perform any act that we deem a violation of law, public policy, or our professional ethical standards, and in such event, we may withdraw from the engagement without penalty. We may also suspend/terminate work for any reason, including but not limited to, your failure to comply with the terms of this agreement, your request, or settlement of the case. In the event that we suspend/terminate work, you agree to pay our fees and expenses for all services performed through the date that work is suspended/terminated, whether or not we have produced any deliverables.

In the event that we are required to respond to a subpoena, court order, or other legal process for the production of documents or testimony relative to information we obtained or prepared during the course of this engagement, the Client agrees to compensate us for our time at our standard hourly rates. The Client also agrees to reimburse us for all out-of-pocket expenses incurred in that regard.

In the interest of facilitating our services to you, we may send data over the Internet, or store electronic data via computer software applications hosted remotely on the Internet or use cloud-based storage. Your confidential electronic data may be transmitted or stored using these methods. We may use third party service providers to store or transmit this data, such as providers of tax return preparation software. In using these data communication and storage methods, our firm employs measures designed to maintain data security. We use reasonable efforts to keep such communications and electronic data secure in accordance with our obligations under applicable laws, regulations, and professional standards. We require our third-party vendors to do the same.

You recognize and accept that we have no control over the unauthorized interception or breach of any communications or electronic data once it has been transmitted or if it has been subject to unauthorized access while stored, notwithstanding all reasonable security measures employed by us or our third-party vendors. You consent to our use of these electronic devices and applications and submission of confidential client information to third party service providers during this engagement.

Bankruptcy Estate of Chadley Capital, LLC
October 10, 2024
Page 3

Your records are the primary records for your operations and comprise the backup and support for your work product. Our copies of your records and documents are not a substitute for your own records and do not mitigate your record retention obligations under any applicable laws or regulations. Workpapers and other documents created by us are our property and will remain in our control in segregated files. Copies are not to be distributed without your written request and our prior written consent. At the completion of our engagement, any original copies thereof will be returned to you. The Client agrees not to disclose or disseminate our work product to any parties that are not directly involved in this matter. Such work product includes, but is not limited to, expert reports and testimony transcripts.

Our obligations under this agreement are solely obligations of GreerWalker, and no partner, principal, employee or agent of GreerWalker shall be subjected to any personal liability whatsoever to any person or entity.

You agree to inform us of relevant deadlines, and changes thereto, as soon as reasonably possible. You agree to provide us with all scheduling orders or similar documents including amendments or revisions thereto. If we cannot complete our work within the requested timeframe, we will notify you immediately. If deadlines that impact our work are changed or set without our input and approval, and we believe that the time afforded is insufficient for us to perform our work, you agree to make reasonable efforts to extend the required or requested deadlines to allow reasonable and sufficient time for us to perform our work.

You agree to inform us of changes in fact or circumstances that may affect the nature of our work, the timing of our work, or our professional opinions in this matter. Examples of such changes may include, but are not limited to, the dismissal of causes of action, summary judgment rulings, admissions of fact, and discovery of relevant documents. If any such changes affect our opinions in this matter, you agree to facilitate, disclose, and submit a mutually agreed-upon form of supplement or amendment to our opinions and testimony. The Client agrees to compensate GreerWalker for any related time and out-of-pocket expenses.

You agree to disclose to us any individuals that are expected to testify in this matter and whose expected testimony or expertise is relevant to our opinions. You agree to make available any related testimony transcripts, reports, or other documents, and to facilitate interviews, or other requests for information, between any such individual and us.

If a GreerWalker employee is asked to testify in this matter, you agree to spend a reasonable amount of time working with that individual in preparation for his or her testimony.

As "Daubert challenges" (or other similar challenges to the admissibility of an expert's testimony) have become an increasingly common means of contesting an opposing expert's opinions, you agree to compensate us for any time or out-of-pocket expenses incurred in defending such challenges. Additionally, should a trier-of-fact exclude the testimony offered by any representative of GreerWalker, you and the Client agree to indemnify and hold harmless our firm and its personnel from any claims, liabilities, costs and expenses arising from this exclusion, except to the extent it is finally determined that such exclusion resulted solely from our firm's gross negligence or willful misconduct.

Based on the disclosed parties involved in this matter that you have identified to us, we are not presently aware of any potential conflicts that would prevent GreerWalker from assisting with this engagement. You agree, however, that we will be notified immediately if the parties to this matter change in any manner, or if any new party or parties should become involved with this matter in the future. Should information become known that would make our continued involvement in this engagement inappropriate, we reserve the right to withdraw from this engagement at any time. In such event, you agree to pay our fees and expenses for all services performed through the date of our withdrawal, whether or not we have produced any deliverables.

The electronic data of GreerWalker contains information protected by various legal privileges. The electronic data of GreerWalker contains not only information related to the matter referenced above but also information related to GreerWalker, other clients of GreerWalker, and third parties. It is your duty to protect any of GreerWalker's electronic data that is unrelated to this specific matter by objecting to its production in discovery and obtaining appropriate protective orders. Electronic data includes but is not limited to data contained in computers, computer systems, networks, software and hardware, processing equipment, databases, email, operating systems,

Bankruptcy Estate of Chadley Capital, LLC
October 10, 2024
Page 4

mainframes, servers, desktop computers, workstations, laptop computers, handheld computers, palmtop computers, Internet, proprietary online services, ISPs, appliances, electronic devices, machinery and device controllers, disks, and third-party repositories.

In the unlikely event that circumstances occur which we, in our sole discretion, believe creates or likely will create a conflict with either GreerWalker's ethical standards or the ethical standards of our profession in continuing this engagement, we may suspend our services until a satisfactory resolution can be achieved or we may resign from the engagement.  We will notify you of any such conflicts as soon as practicable after learning of any actual or potential conflict, and will discuss with you any possible means of resolving the conflict prior to suspending our services.

Any dispute between the Client and GreerWalker, arising out of or relating to this Engagement Agreement shall, if negotiations and other discussions fail, be first submitted to mediation.  The parties shall conduct the mediation in good faith and make reasonable efforts to resolve any dispute by mediation.  Failure or refusal by either party to settle the dispute by mediation shall not affect any subsequent Bankruptcy Court proceedings.  If the dispute is not resolved by mediation, the dispute shall be subject to US Bankruptcy Court for the Middle District of North Carolina.

Notwithstanding the provisions of the immediately preceding paragraph, neither we nor the Client shall be compelled to arbitrate any dispute between us which arises out of or is related to any claim asserted against either of us by a third party unless the third party, whether one or more, agrees to join the arbitration or can be compelled to join it.

Our services outlined in this letter do not constitute legal or investment advice.  We recommend that the Client retain competent legal counsel and investment advisors as circumstances warrant.

If any portion of this agreement is deemed invalid or unenforceable, said finding shall not operate to invalidate the remainder of the terms set forth in this agreement.

By acknowledging acceptance of the terms of this Engagement Agreement, the Clientrepresents and warrants that it has the authority to employ GreerWalker on the terms and conditions set forth herein, including but not limited to, the provisions above with respect to the dispute and claims.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagement.  If you have any questions, please let us know.  If the Client agrees with the terms of our engagement as described in this letter, please sign and return it to us.


Sincerely,

GreerWalker LLP

William A. Barbee
Partner

Enclosure

Bankruptcy Estate of Chadley Capital, LLC
October 10, 2024
Page 5

RESPONSE:

This letter correctly sets forth the understanding of the Client:

By: _____    Date: _____

Title:   Bankruptcy Trustee

EXHIBIT B

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHADLEY CAPITAL, LLC** | ) | CASE NO. 24-10170 |
| | ) | |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |
| | ) | |

### DECLARATION

I, **William A. Barbee**, state the following under penalty of perjury in connection with the attached Trustee's Application to Employ GreerWalker LLP as Forensic Accountant:

1. I am a partner in GreerWalker LLP's ("GreerWalker" or the "Firm") Litigation and Business Valuation Practice, a Certified Public Accountant in North Carolina, and I am Accredited in Business Valuation and Certified in Financial Forensics by the American Institute of Certified Public Accountants.

2. I have more than 20 years of experience working in bankruptcy, litigation, business valuation, forensic accounting, fraud investigation, and restructuring. I have experience working with counsel and has prepared expert reports on a wide range of issues including damage calculations, business valuation, shareholder disputes, solvency analysis, fraud investigations, preferential/fraudulent conveyances, and viability analysis.

3. GreerWalker is willing to accept employment by the bankruptcy estate of Chadley Capital LLC, on the basis set forth in the Engagement Agreement between the Trustee and GreerWalker, subject to Bankruptcy Court approval.

4. In preparing this Declaration, I used a set of procedures developed by the Firm to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a Debtor, Bankruptcy Trustee or Committee under the Bankruptcy Code (the "Firm Disclosure Procedures"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Affidavit and to ascertain Firm connection to such parties:

   a. A list was prepared consisting of all Creditors on the Debtor's Schedules (the "Parties in Interest List").
   b. Firm requires all of its Partners and Principals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check. In this case, an electronic mail was distributed to the

163662904.1

      Firm Partners, Principals and members of the Forensic & Valuation Services Group, regarding any connections that they may have had with the parties in interest referenced above. Moreover, a search has been performed of Firm's electronic client database of all current engagements to identify additional connections from the Parties in Interest List.

<u>Firm's Connections with Parties in Interest in Matters Unrelated to this Chapter 7 Case</u>

5. Any client connections with regard to which Firm had represented the client were reviewed by me and from such review it was determined that, in respect of each connection between Firm and such parties, Firm does not hold or represent an interest that is adverse to the estate and that Firm is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code for the reasons discussed below.

6. The following lists are the product of implementing the Firm Disclosure Procedures described in the above paragraph 4 and are based on the relationship of the indicated entities with the Debtor, arranged under the following categories: (a) the Debtor, (b) present and former officers and directors of the Debtor, (c) professionals representing the Debtor, (d) financial creditors of the Debtor, (e) professionals representing other parties in interest, (f) major shareholders of the Debtor, and (g) the Bankruptcy Court and the Bankruptcy Administrator for the Middle District of North Carolina.

   a. <u>Present and Former Officers and Directors</u>. Firm has not been engaged by present or former officers or directors of the Debtor disclosed in the Schedules.

   b. <u>Professionals Representing the Debtor</u>. As part of its practice, Firm consults in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants, consultants and investment bankers, including the professionals representing the Debtor.

   c. <u>Financial Creditors</u>. Firm has never been engaged by any of the financial creditors.

   d. <u>Professional Representing Other Parties in Interest</u>. Firm prepares income tax returns for many individuals and entities that include partners within many law firms and may include partners within the law firms involved in this bankruptcy case. As part of its practice, Firm appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of whom now or may in the future represent creditors, stockholders and other parties in interest in this case. Firm does not and will not represent any attorneys, accountants, financial consultants, investment bankers or parties in interest in relation to the Debtor and this Chapter 7 case or have any relationship with any such professionals that would be adverse to the Debtor or its estate. Firm, in unrelated matters, has been and continues to be involved in bankruptcy and/or litigation cases and transactions involving law firms and attorneys involved in this case.

163662904.1

e. <u>Debtors Shareholders</u>. Firm does not represent any of the Debtor's shareholders.

f. <u>The Bankruptcy Court and the Bankruptcy Administrator</u>. Firm has appeared in the United States Bankruptcy Court for the Middle District of North Carolina.

Under 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 14, 2024

_____
William A. Barbee
GreerWalker LLP

163662904.1