IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHADLEY CAPITAL, LLC | ) | CASE NO. 24-10170 |
| | ) | |
| DEBTOR. | ) | CHAPTER 7 |
| | ) | |

**SUPPLEMENT TO MOTION FOR SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS AND PERSONAL PROPERTY**
(6081 Mountain Brook Road, Greensboro, North Carolina 27455)

**NOW COMES**, Brian R. Anderson, Chapter 7 Trustee, by and through counsel, and hereby files this supplement to the Trustee's Motion for Sale of Real Property Free and Clear of Liens, Claims, and Interests and Personal Property (the "Sale Motion") [Doc. No.165] to clarify the nature of the personal property that is being proposed to be sold to the Alan Thomas Benson pursuant to the Sale Motion. The Trustee respectfully represents to the Court as follows:

1. On March 12, 2024 (the "Petition Date"), an involuntary Chapter 7 petition was filed against Chadley Capital, LLC (the "Debtor"). On March 28, 2024, Brian R. Anderson was appointed as Chapter 7 Trustee. On April 5, 2024, an order for relief was entered against the Debtor.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On November 4, 2024, the Trustee filed the Sale Motion.

4. The Trustee proposes to sell certain "Personal Property" to the Buyer for $22,000.00 in conjunction with the sale of real property located at 6081 Mountain Brook Road, Greensboro, North Carolina 27455 (the "Real Property"). The Sale Motion defined the term

"Personal Property" as the personal property located at the Real Property, which consists of furniture and household furnishings.

5. The Trustee desires to clarify that the Personal Property to be sold to the Buyer shall consist only of furniture and household furnishings <u>that remain in the Real Property at closing</u>.

6. The Trustee, Mr. Rhew and Mrs. Rhew, and the Buyer are in agreement as to which personal effects, if any, are excluded from the sale. Mr. and Mrs. Rhew shall have ample opportunity to access the Real Property and remove those agreed-upon personal effects prior to closing.

**WHEREFORE**, the Trustee prays the Court for an Order:

(a) Granting the Sale Motion consistent with the relief requested in the Sale Motion; and

(b) Providing for such other and further relief as to this Court seems just and proper.

This the 5th day of November, 2024.

*/s/Brian R. Anderson*
Brian R. Anderson
N.C. State Bar No. 37989
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: 336-378-5205
branderson@foxrothschild.com
*Attorney for Trustee*