IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHADLEY CAPITAL, LLC** | ) | **CASE NO. 24-10170** |
| | ) | |
| DEBTOR. | ) | **CHAPTER 7** |
| | ) | |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT

NOW COMES Brian R. Anderson, Trustee for the above-captioned Debtor, by and through counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and moves the Court for an order approving a compromise and settlement between the Trustee, Brandi Rhew, EREP Forest Hill I, LLC ("EREP"), and Rillito Retail, LLC ("Rillito"), and, in support of said Motion, respectfully shows unto the Court the following:

1. On March 12, 2024 (the "Petition Date"), an involuntary Chapter 7 petition was filed against Chadley Capital, LLC (the "Debtor"). On March 28, 2024, Brian R. Anderson was appointed as Chapter 7 Trustee. On April 5, 2024, an order for relief was entered against the Debtor.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. William Rhew, III is the Debtor's sole owner and managing member.

4. On or about August 18, 2023, a settlement agreement between EREP, Rillito, Mr. Rhew, and Mrs. Rhew, concerning the resolution of amounts purportedly owed by Mr. Rhew and Mrs. Rhew pursuant to personal guaranty agreements, was executed by EREP, Rillito, Mr. Rhew, and purportedly Mrs. Rhew (the "Guarantor Settlement").

1

165212360.1

5. In connection with Guarantor Settlement, two separate Consent Judgments in the amount of $55,000.00, or $110,000.00 total, were executed that contained a signature for Mrs. Rhew.

6. EREP and Rillito filed the Consent Judgments in Guilford County, North Carolina, where Mr. and Mrs. Rhew owned certain real property located at 6081 Mountain Brook Road, Greensboro, North Carolina 27455 (the "Real Property"). The Consent Judgments, if valid, encumber the Real Property.

7. On or about June 21, 2024, Rillito levied on a bank account in Mrs. Rhew's name and received $16,939.85 as a result of the seizure (the "Seized Funds").

8. Pursuant to a prior settlement between the Trustee, Mr. Rhew, and Mrs. Rhew, the Real Property was transferred to the Debtor's bankruptcy estate.

9. Pursuant to an order entered by this Court, the Trustee was authorized to sell the Real Property free and clear of liens, with the Consent Judgments of EREP and Rillito transferring to the net proceeds of sale [Doc. No. 174]. The Real Property has now been sold.

10. A dispute has arisen between the Trustee, EREP, Rillito, and Mrs. Rhew concerning the validity of the Consent Judgments. Mrs. Rhew denies that she executed the Consent Judgments or Guarantor Settlement or consented to those documents. Mrs. Rhew executed a sworn affidavit to that effect. Similarly, Mr. Rhew claims that he signed Mrs. Rhew's name to those documents without her knowledge. The Trustee and Mrs. Rhew contend that given her lack of consent, the Consent Judgments can be set aside as void. EREP and Rillito dispute the Trustee's and Mrs. Rhew's contentions.

11. The parties have engaged in discussions and negotiations concerning the Consent Judgments, Mrs. Rhew's liability under purported guaranty agreements in favor of EREP and

Rillito, and related issues. The parties have agreed to settle their disputes, subject to Bankruptcy Court approval, pursuant to the terms and conditions set forth in the Settlement Agreement (the "Agreement"), attached hereto as Exhibit A.

## THE PROPOSED SETTLEMENT TERMS

12. A summary of the terms of the settlement, subject to Bankruptcy Court approval, are as follows:[1]

(a) EREP and Rillito shall receive a total of $20,000.00 (the "Settlement Payment"), payable as follows:

i) $15,000.00 from the bankruptcy estate; and

ii) $5,000.00 from the Seized Funds.

(b) Rillito shall return $11,939.85 of the Seized Funds to Mrs. Rhew.

(c) The Settlement Payment shall be in full satisfaction of the Judgment Liens that purportedly encumber the Real Property.

(d) Mutual release of all claims between EREP, Rillito, and Mrs. Rhew.

(e) EREP and Rillito shall take all necessary actions to mark the Consent Judgments satisfied with the Guilford County Clerk of Court as to Brandi Rhew.

## LEGAL STANDARD AND ARGUMENT

13. It is well established that "to minimize litigation and expedite the administration of a bankruptcy estate," compromises are favored in bankruptcy. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). A determination of whether to approve an application to compromise is a matter within the sound discretion of the bankruptcy judge. *In re Final Analysis, Inc.*, 417 B.R. 332, 341 (Bankr. D. Md. 2009). "In deciding whether a settlement proposed by a

---

[1] A description of the terms and conditions of the Agreement in this Motion are for illustrative purposes only. To the extent this summary conflicts with the specific terms and conditions of the Agreement, the Agreement shall control.

bankruptcy trustee should be approved, the bankruptcy court should make an informed, independent judgment as to whether a settlement is fair and equitable and in the bests interests of the estate." *Safeco Ins. Co. of Am. v. Yaeger (In re Magna Corp.)*, No. 01-80763, 2003 WL 22078082, at *3 (Bankr. M.D.N.C. Aug. 29, 2003) (citing *Protective Comm. For Indep. Stockholders Of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968) and *In re Energy Coop, Inc.*, 886 F.2d 91 (7th Cir. 1989)). "It is the court's responsibility to 'canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness."'" *Id.* (internal citations omitted). "Central to this determination is a comparison of the terms of the settlement with the probable outcome and cost if the litigation or matter in dispute is not settled." *Id.*

14. Factors to be considered in determining whether the settlement is within the range of reasonableness include: (i) the probability of success in litigation, (ii) the likely difficulties of collection, (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it, and (iv) the paramount interest of the creditors. *See In re Energy Future Holdings Corp.,* 648 F. App'x 277, 281 (3d Cir. 2016); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re AuditHead, LLC*, 625 B.R. 319, 323 (Bankr. D.S.C. 2021); *In re D & R Distribs.*, 2016 WL 4821257, at *2 (Bankr. N.D. W.Va. Sept. 12, 2016).

15. The proposed settlement is in the best interest of the estate under the above factors, as follows:

(a) The Trustee contends that he is likely to prevail in an action to set aside the Consent Judgments. Mrs. Rhew executed a sworn affidavit attesting that she did not sign the Consent Judgments or consent to the relief therein. Ample legal authority exists that lack of consent to a settlement or consent judgment renders it void. The $15,000.00 of the Settlement Payment to come from the bankruptcy estate is representative of the strength of

the Trustee's case, and represents approximately 14% of the amount in controversy.

(b)   Any action brought by the Trustee against EREP and Rillito would be to avoid the Judgment Liens on the Real Property, rather than seeking monetary relief against EREP and Rillito. Therefore, the factor examining the difficulties in collection is not applicable.

(c)   With respect to the complexity of the litigation and associated expense, inconvenience, and delay necessarily attending it, it is very likely that the cost and expense to the estate to prepare adversary proceedings (or attempt to proceed in state court) and to litigate the validity of the liens would exceed the $15,000.00 settlement payment from the estate. The primary issue, whether Mrs. Rhew consented to the Consent Judgments, either directly or through William Rhew, is a factual issue that would be subject to discovery. The Trustee considers this a nuisance value settlement.

(d)   This settlement is in the best interest of creditors. It quickly resolves the issue of whether the Consent Judgments, totaling $110,000.00, are valid liens against the Property for a small fraction of the amount in controversy. It frees up additional equity in the Property that will directly benefit the estate and its creditors, pursuant to the agreed waterfall of proceeds previously approved by this Court.

16.   The proposed settlement is in the best interest of the estate.

17.   Trustee recommends that the Court approve this settlement and compromise, after notice and the opportunity for hearing, as provided in Rule 9019 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trustee respectfully requests that the Court, enter an Order after notice and opportunity for hearing:

1. Approving this settlement and compromise in accordance with the terms of the Agreement; and

2. Granting such other and further relief as the Court deems just and proper.

This the 2nd day of December, 2024.

>	*/s/Brian R. Anderson*
>	Brian R. Anderson
>	N.C. State Bar No. 37989
>	Fox Rothschild LLP
>	230 N. Elm St., Suite 1200
>	Greensboro, NC 27401
>	Telephone: (336) 378-5205
>	branderson@foxrothschild.com
>	*Attorney for Trustee*

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") dated November 19, 2024, by and between EREP Forest Hill I, LLC ("EREP"), Rillito Retail, LLC ("Rillito"), Brandi Rhew ("Mrs. Rhew"), and Brian R. Anderson, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Chadley Capital, LLC ("Debtor"), Case No. 24-10170 pending in the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Case") (collectively, the "Parties").

## RECITALS

WHEREAS, on March 12, 2024 (the "Petition Date"), an involuntary Chapter 7 petition was filed against the Debtor, and on April 5, 2024, an order for relief was entered against the Debtor;

WHEREAS, the Trustee is the duly appointed Chapter 7 Trustee in the Debtor's Bankruptcy Case;

WHEREAS, pursuant to a prior settlement between William Rhew ("Mr. Rhew"), Mrs. Rhew, and the Trustee, the bankruptcy estate of the Debtor is now the record owner of real estate situated in Guilford County, North Carolina with a property address of 6081 Mountain Brook Road, Greensboro, North Carolina 27455 (the "Real Property");

WHEREAS, on or about August 18, 2023, a settlement agreement between EREP, Rillito, Mr. Rhew, and Mrs. Rhew, concerning the resolution of amounts purportedly owed by Mr. Rhew and Mrs. Rhew pursuant to personal guaranty agreements, was executed by EREP, Rillito, Mr. Rhew, and purportedly Mrs. Rhew (the "Guarantor Settlement");

WHEREAS, in connection with Guarantor Settlement, Consent Judgments were executed that contained Mrs. Rhew's signature;

WHEREAS, EREP and Rillito filed the Consent Judgments in Guilford County, North Carolina and such Consent Judgments now constitute judgment liens that purportedly encumber the Real Property (the "Judgment Liens");

WHEREAS, subsequent to the filing of the Consent Judgments, on or about June 21, 2024, Rillito levied on a bank account in Mrs. Rhew's name, and received $16,939.85 as a result of the seizure (the "Seized Funds");

WHEREAS, Mrs. Rhew contends that she did not execute the Consent Judgments or the Guarantor Settlement or consent to same;

WHEREAS, the Trustee and Mrs. Rhew contend that the Consent Judgments and corresponding Judgment Liens are void and can be set aside due to lack consent; and

WHEREAS, EREP and Rillito dispute the Trustee's and Mrs. Rhew's aforementioned contentions.

WHEREAS, the Trustee, Mrs. Rhew, EREP, and Rillito have engaged in substantial discussions concerning the validity of the Guarantor Settlement, Consent Judgments, and related issues, and following negotiations between the Parties and in the interest of avoiding further expense and litigation, the Parties desire to amicably resolve all their disputes, and have reached an agreement to settle their disputes, subject to Bankruptcy Court approval, pursuant to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, terms and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

### SETTLEMENT TERMS

1. <u>Bankruptcy Court Approval</u>. This Agreement is subject to approval by the Court. In the event this Agreement is not approved by the Court, this Agreement shall be null and void and without force or effect.

2. <u>Payment from Bankruptcy Estate</u>. Within ten (10) business days of entry of an order by the Court approving this Agreement, EREP and Rillito shall receive a distribution from the bankruptcy case in the total amount of $15,000.00 (the "Bankruptcy Payment").

3. <u>Return/Retention of Seized Funds</u>. Within ten (10) business days after EREP and Rillito receive the Bankruptcy Payment, Rillito shall return $11,939.85 of the Seized Funds to Mrs. Rhew and shall retain a total of $5,000.00 of the Seized Funds. The Bankruptcy Payment together with the $5,000.00 of retained Seized Funds are hereafter referred to as the "Settlement Payment".

4. <u>Full Satisfaction of Judgment Liens</u>. The Settlement Payment to EREP and Rillito shall be in full satisfaction of the Judgment Liens that may encumber the Real Property and upon such payment EREP and Rillito shall have no further interest in the Real Property or the proceeds thereof.

5. <u>Release Between Brandi Rhew, EREP, and Rillito</u>. Brandi Rhew, EREP, and Rillito hereby release and discharge each other and their agents, servants, employees, partners, officers, directors, shareholders, subsidiaries, parents, affiliates, related entities, attorneys, predecessors, heirs, successors and assigs of and from any and all claims, debts, liabilities, liens, assessments, actions or causes of action of any kind or nature, existing, known or unknown, provided, however, that Mrs. Rhew, EREP, and Rillito do not release each other from the obligations of this Agreement. Notwithstanding any other provision of this Agreement, EREP and Rillito do not waive, but expressly reserve, all rights and claims against William Rhew, whether at law, in equity, or otherwise.

6. <u>Satisfaction of Judgments</u>. EREP and Rillito shall take such actions as necessary to mark the Consent Judgments satisfied with the Guilford County Clerk of Court as to Brandi Rhew within ten (10) days of receipt of the Bankruptcy Payment.

30060348v1 56800.010.13

164899024.2

7. <u>Entire Agreement</u>. This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof, and this Agreement may not be amended except in writing signed by all of the Parties hereto.

8. <u>Jointly Drafted</u>. Each of the Parties hereto has had the opportunity to have counsel review this Agreement and this Agreement shall be deemed to have been jointly drafted by all Parties for the purposes of applying any rule of contract construction.

9. <u>Benefit</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties, their respective heirs, legal representatives, successors and assigns.

10. <u>Authority</u>. The undersigned acknowledge that each signatory Party hereto has full corporate power and authority to enter into this Agreement and to bind the Parties hereto and their successors and assigns.

11. <u>Voluntary Act</u>. The Parties acknowledge, represent and agree, each with the other, that they have read this Agreement and the documents referenced herein in their entirety, have consulted their respective attorneys concerning the same, if desired, and have signed the same as their free and voluntary act.

12. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which counterparts collectively shall constitute one instrument. Signatures may be exchanged by facsimile or electronic transmission, with original signatures to follow. Each Party to this Agreement agrees to be bound by its own facsimile and/or electronic signatures and agrees that it accepts the facsimile and/or electronic signatures of the other Parties hereto.

13. <u>Severability</u>. In case any one or more provisions of this Agreement shall be invalid, illegal and unenforceable in any respect, the validity, legality and enforceability of the remaining provisions in this Agreement will not in any way be affected or impaired thereby.

14. <u>Attorneys' Fees and Costs</u>. Each of the Parties shall bear its/his/her own attorneys' fees and costs.

15. <u>Governing Law; Jurisdiction of Court</u>. To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws. Each Party expressly consents to the continuing exercise of jurisdiction by the Court over any and all claims or disputes arising out of this Agreement. Each Party agrees that the Court has jurisdiction to enter a final order approving this Agreement.

SIGNATURES OF FOLLOWING PAGE

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first above written.

By: _____
Brian R. Anderson, Chapter 7 Trustee for the bankruptcy estate of Chadley Capital, LLC and not individually


By: _____
Brandi Rhew


EREP FOREST HILL I, LLC

By: *Jason Maddox*
Its: *Vice President*


RILLITO RETAIL, LLC

By: *Jason Maddox*
Its: *Authorized Signatory*

4

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first above written.

By: /s/ *[signature]*
Brian R. Anderson, Chapter 7 Trustee for the bankruptcy estate of Chadley Capital, LLC and not individually


By: _____
Brandi Rhew


EREP FOREST HILL I, LLC


By: _____
Its: _____


RILLITO RETAIL, LLC


By: _____
Its: _____

4

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first above written.

By: _____
Brian R. Anderson, Chapter 7 Trustee for the bankruptcy estate of Chadley Capital, LLC and not individually

By: _____
Brandi Rhew

EREP FOREST HILL I, LLC

By: _____
Its: _____

RILLITO RETAIL, LLC

By: _____
Its: _____

4

30060348v1 56800.010.13

164899024.2

STATE OF NORTH CAROLINA   §
                          §
COUNTY OF  Guilford       §
                          §

    BEFORE ME, the undersigned authority, a Notary Public in and for the State of North Carolina, on this day personally appeared Brandi Rhew, who is known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that was executed for the purposes and consideration therein expressed, and in the capacity therein stated.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 25th day of NOVEMBER, 2024.

_____
Notary Public, State of North Carolina

My Commission Expires:

4/18/2027

Daphne Y. Aponte
(Typed/Printed Name of Notary)

**************************
DAPHNE Y. APONTE
NOTARY PUBLIC
GUILFORD COUNTY, NC
**************************

5

30060348v1 56800.010.13

164899024.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| IN RE: | ) | |
| --- | --- | --- |
| | ) | |
| CHADLEY CAPITAL, LLC | ) | CASE NO. 24-10170 |
| | ) | |
| DEBTOR. | ) | CHAPTER 7 |
| | ) | |

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that the undersigned served a copy of the MOTION TO APPROVE COMPROMISE AND SETTLEMENT by electronic means or by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

| | |
| --- | --- |
| Chadley Capital, LLC<br>6081 Mountain Brook Road<br>Greensboro, NC 27455<br>*Debtor* | Brandi Rhew<br>c/o Samantha K. Brumbaugh<br>Ivey, McClellan, Siegmund, Brumbaugh & McDonough LLP<br>305 Blandwood Avenue<br>Greensboro, NC 27401 |
| John Paul H. Cournoyer<br>U.S. Bankruptcy Court Administrator<br>101 South Edgeworth Street<br>Greensboro, NC  27401 | All parties that have filed a Notice of Appearance in the case |
| Rillito Retail, LLC<br>c/o Rillito Crossing Marketplace<br>P.O. Box 95604<br>Grapevine, Texas 76099-9730 | Rillito Retail, LLC<br>8080 Park Lane, Suite 700<br>Dallas, Texas 75231 |
| EREP Forest Hill I, LLC<br>P.O. Box 414583<br>Kansas City, MO 64141-4583 | EREP Forest Hill I, LLC<br>8080 Park Lane, Suite 700<br>Dallas, Texas 75231 |

This the 2nd day of December, 2024.

/s/ Brian R. Anderson
Brian R. Anderson,
N.C. State Bar No. 37989
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
*Attorney for Chapter 7 Trustee*

7

165212360.1