IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHADLEY CAPITAL, LLC | ) | CASE NO. 24-10170 |
| | ) | |
| DEBTOR. | ) | CHAPTER 7 |
| | ) | |

### MOTION TO APPROVE COMPROMISE AND SETTLEMENT

NOW COMES Brian R. Anderson, Trustee for Chadley Capital, LLC (the "Debtor"), by and through counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and moves the Court for an order approving a compromise and settlement between the Trustee and Hendren, Redwine & Malone, PLLC ("HRM"), and, in support of said Motion, respectfully shows unto the Court the following:

1. On March 12, 2024, an involuntary Chapter 7 petition was filed against the Debtor. On April 5, 2024, an order for relief was entered against the Debtor.

2. The Trustee is the duly authorized and acting Chapter 7 Trustee for the Debtor.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. William Rhew, III ("Rhew") is the sole owner and managing member of the Debtor.

5. Between December 8, 2022 and June 22, 2023, the Debtor made six separate transfers to HRM, totaling $36,647.42 (collectively, the "Transfers").

6. Upon information and belief, the Transfers related to payments for legal services provided to Rhew and/or his wholly-owned company, Chadley Management, LLC.

7. As detailed in numerous motions and sworn declarations before this Court, the

Debtor was a Ponzi scheme created by Rhew in September of 2017. In connection with this scheme, investors were led to believe that their investments were being used by the Debtor to operate in the receivable financing industry as a factoring company. In reality, the Debtor had no legitimate business operations. The Debtor did not operate in the global factoring industry. It did not have a business buying credit receivables or lending funds to companies. It did not have any revenue or any legitimate source of income other than investor funds solicited under false pretenses. Instead, the Debtor used investor funds to make payments to earlier investors, to finance Rhew's personal lifestyle, and to benefit himself or his other business ventures. By its very nature as a Ponzi scheme, the Debtor was insolvent since its inception and at the time of the Transfers. At no point did the Debtor have any legitimate source of funds or revenue other than investor money that was intended to be invested in a factoring company.

8. The Trustee contends that the Transfers were made by the Debtor with the intent to hinder, delay, and defraud creditors of the Debtor, that the Debtor was insolvent when the Transfers were made, and that the Debtor did not receive any value in exchange for the transfers. HRM disputes the aforementioned contentions of the Trustee.

9. The parties have engaged in discussions and negotiations concerning the Transfers and have agreed to settle their disputes, subject to Bankruptcy Court approval, as follows:

(a) HRM shall remit the sum of $20,000.00 to the Trustee within 5 business days of the entry of an order approving this settlement (the "Settlement Payment");

(b) HRM agrees to waive any claim arising from the Settlement Payment in the Debtor's case under 11 U.S.C. § 502(h); and

(c) The Settlement Payments shall be in full satisfaction of any and all claims of the Debtor's estate against HRM related to the Transfers.

168497509.1

**LEGAL STANDARD AND ARGUMENT**

10. It is well established that "to minimize litigation and expedite the administration of a bankruptcy estate," compromises are favored in bankruptcy. *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). A determination of whether to approve an application to compromise is a matter within the sound discretion of the bankruptcy judge. *In re Final Analysis, Inc.*, 417 B.R. 332, 341 (Bankr. D. Md. 2009). "In deciding whether a settlement proposed by a bankruptcy trustee should be approved, the bankruptcy court should make an informed, independent judgment as to whether a settlement is fair and equitable and in the bests interests of the estate." *Safeco Ins. Co. of Am. v. Yaeger (In re Magna Corp.)*, No. 01-80763, 2003 WL 22078082, at *3 (Bankr. M.D.N.C. Aug. 29, 2003) (citing *Protective Comm. For Indep. Stockholders Of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968) and *In re Energy Coop, Inc.*, 886 F.2d 91 (7th Cir. 1989)). "It is the court's responsibility to 'canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness."'" *Id.* (internal citations omitted). "Central to this determination is a comparison of the terms of the settlement with the probable outcome and cost if the litigation or matter in dispute is not settled." *Id.*

11. Factors to be considered in determining whether the settlement is within the range of reasonableness include: (i) the probability of success in litigation, (ii) the likely difficulties of collection, (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it, and (iv) the paramount interest of the creditors. *See In re Energy Future Holdings Corp.,* 648 F. App'x 277, 281 (3d Cir. 2016); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re AuditHead, LLC*, 625 B.R. 319, 323 (Bankr. D.S.C. 2021); *In re D & R Distribs.*, 2016 WL 4821257, at *2 (Bankr. N.D. W.Va. Sept. 12, 2016).

12. The proposed settlement is in the best interest of the Debtor's estate under the above

3

168497509.1

factors, as follows:

    (a)    The Trustee contends that he is likely to prevail in an action to avoid the Transfers. As detailed above and in other pleadings, declarations, and proceedings before this Court, Rhew was operating a Ponzi scheme. The mere existence of a Ponzi scheme is sufficient to establish actual intent to hinder, delay, or defraud creditors, i.e. the Ponzi scheme presumption. *Barclay v. Mackenzie (In re AFI Holdings, Inc.)*, 525 F.3d 700, 704 (9th Cir. 2008). The Debtor had no other business dealings or existence other than to perpetuate the fraudulent scheme and such transfer was in furtherance of the scheme. Further, the Debtor was insolvent since its inception as a matter of law. *Cunningham v. Brown*, 265 U.S. 1, 8 (1924); *Warfield v. Byron*, 436 F.3d 551, 558 (5th Cir. 2006). The Debtor received no consideration in return for the Transfers. However, in order to prevail, the Trustee would need to file an adversary proceeding against HRM and litigate these factual and legal issues and address any defenses raised by HRM. The Settlement Payment reflects these issues and the cost of obtaining a judgment.

    (b)    The Trustee does not anticipate difficulties in collection of any judgment against HRM, although avoiding added cost and expense of enforcing judgments is a factor in favor of settlement.

    (c)    With respect to the complexity of the litigation and associated expense, inconvenience, and delay necessarily attending it, the cost and expense to the estate to pursue HRM would far exceed the difference between the Transfers and the Settlement Payment. Obtaining a significant portion of the Transfers without having to litigate these issues is a benefit to the Debtor's estate.

    (d)    This settlement is in the best interest of creditors. It avoids the need to file

an adversary proceeding. The settlement ensures that a large portion of the amount in controversy is returned to the bankruptcy estate without significant administrative costs and removes all risk of litigation.

13.   The proposed settlement is in the best interest of the estate.

14.   Trustee recommends that the Court approve this settlement and compromise, after notice and the opportunity for hearing, as provided in Rule 9019 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trustee respectfully requests that the Court, enter an Order after notice and opportunity for hearing:

1.   Approving this settlement and compromise in accordance with the terms stated herein; and

2.   Granting such other and further relief as the Court deems just and proper.

This the 21st day of February, 2025.

>   */s/Brian R. Anderson*
>   Brian R. Anderson
>   N.C. State Bar No. 37989
>   Fox Rothschild LLP
>   230 N. Elm St., Suite 1200
>   Greensboro, NC 27401
>   Telephone: (336) 378-5205
>   branderson@foxrothschild.com
>   *Attorney for Chapter 7 Trustee*

**[COUNTERPARTY SIGNATURE ON FOLLOWING PAGE]**

168497509.1

**CONSENTED TO:**
**Hendren, Redwine & Malone, PLLC**

By: _Jason Hendren_
Its: _Managing Partner_

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CHADLEY CAPITAL, LLC** ) | **CASE NO. 24-10170** |
| ) | |
| DEBTOR. ) | **CHAPTER 7** |
| ) | |

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that the undersigned served a copy of the MOTION TO APPROVE COMPROMISE AND SETTLEMENT by electronic means or by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Chadley Capital, LLC
c/o Josh Bennett
Bennett Guthrie, PLLC
1560 Westbrook Plaza Dr.
Winston-Salem NC 27103
*Debtor*

John Paul H. Cournoyer
U.S. Bankruptcy Court Administrator
101 South Edgeworth Street
Greensboro, NC  27401

Hendren, Redwine & Malone, PLLC
4600 Marriott Dr # 150
Raleigh, NC 27612

All parties that have filed a Notice
of Appearance in the case

This the 21st day of February, 2025.

/s/ Brian R. Anderson
Brian R. Anderson,
N.C. State Bar No. 37989
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
*Attorney for Chapter 7 Trustee*

168497509.1