# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") dated May 27, 2025, by and between Pintail Properties, LLC ("Pintail") and Brian R. Anderson, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Chadley Capital, LLC ("Chadley Capital"), Case No. 24-10170 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Middle District of North Carolina (collectively, the "Parties").

## RECITALS

WHEREAS, on March 12, 2024, an involuntary Chapter 7 petition was filed against Chadley Capital, and on April 5, 2024, an order for relief was entered against Chadley Capital;

WHEREAS, the Trustee is the duly appointed Chapter 7 Trustee for Chadley Capital;

WHEREAS, between October 2022 and February 2023, Chadley Capital made two transfers to Pintail totaling $47,660.00 to Pintail (the "Transfers");

WHEREAS, upon information and belief, William L. Rhew, III, Chadley Capital's sole owner, made the Transfers in order to settle and/or resolve his liability on a personal guaranty of a debt unrelated to Chadley Capital;

WHEREAS, the Trustee contends that Chadley Capital did not receive any benefit, value, or consideration for the Transfers, that Chadley Capital was insolvent when the Transfer was made, and that the Transfers were made to hinder, delay, and defraud creditors of Chadley Capital;

WHEREAS, the Trustee contends that the Transfer is subject to avoidance under 11 U.S.C. § 548 and N.C. Gen. Stat. §§ 39-23.4 and 39-23.5 and that Pintail is liable for such transfer under 11 U.S.C. § 550;

WHEREAS, Pintail disputes the aforementioned Trustee's contentions; and

WHEREAS, the Parties have engaged in substantial discussions concerning the Transfers and following negotiations between the Parties and in the interest of avoiding further expense and litigation, the Parties desire to amicably resolve their disputes, and have reached an agreement to settle their disputes, subject to Bankruptcy Court approval, pursuant to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, terms and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## SETTLEMENT TERMS

1. <u>Bankruptcy Court Approval</u>. This Agreement is subject to approval by the Bankruptcy Court in the Bankruptcy Case. In the event this Agreement is not approved by the Court, this

172615699.1

Agreement shall be null and void and without force or effect.

2. <u>Payment</u>.  Pintail shall pay the total sum of $25,000.00 to the Trustee (the "Settlement Payment") as follows:

   a. Five monthly payments of $4,000.00 beginning July 1, 2025 and due on the 1st of the month thereafter; and

   b. One final payment of $5,000 on or before December 1, 2025.

3. <u>Mutual Releases</u>.  Effective upon receipt of the full Settlement Payment, the Trustee, on behalf of the estate of Chadley Capital, and Pintail hereby release and discharge each other and their agents, servants, employees, partners, officers, directors, shareholders, subsidiaries, parents, affiliates, related entities, attorneys, predecessors, heirs, successors and assigs of and from any and all claims, debts, liabilities, liens, assessments, actions or causes of action of any kind or nature, existing, known or unknown, provided, however, that the Parties do not release each other from the obligations of this Agreement.

4. <u>No 11 U.S.C. § 502(h) Claim</u>.  Pintail waives any claim it may be entitled to against the Chadley Capital bankruptcy estate as a result of payment of the Settlement Payment.

5. <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof, and this Agreement may not be amended except in writing signed by all of the Parties hereto.

6. <u>Jointly Drafted</u>.  Each of the Parties hereto has had the opportunity to have counsel review this Agreement and this Agreement shall be deemed to have been jointly drafted by all Parties for the purposes of applying any rule of contract construction.

7. <u>Benefit</u>.  This Agreement shall be binding upon and shall inure to the benefit of the Parties, their respective heirs, legal representatives, successors and assigns.

8. <u>Authority</u>.  The undersigned acknowledge that each signatory Party hereto has full corporate power and authority to enter into this Agreement and to bind the Parties hereto and their successors and assigns.

9. <u>Voluntary Act</u>.  The Parties acknowledge, represent and agree, each with the other, that they have read this Agreement and any documents referenced herein in their entirety, have consulted their respective attorneys concerning the same, if desired, and have signed the same as their free and voluntary act.

10. <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which counterparts collectively shall constitute one instrument. Signatures may be exchanged by facsimile or electronic transmission, with original signatures to follow.  Each Party to this Agreement agrees to be bound by its own facsimile and/or electronic signatures and agrees that it accepts the facsimile and/or electronic signatures of the other Parties

172615699.1

hereto.

11. <u>Severability</u>.  In case any one or more provisions of this Agreement shall be invalid, illegal and unenforceable in any respect, the validity, legality and enforceability of the remaining provisions in this Agreement will not in any way be affected or impaired thereby.

12. <u>Attorneys' Fees and Costs</u>.  Each of the Parties shall bear its/his/her own attorneys' fees and costs.

13. <u>Governing Law; Jurisdiction of Court</u>.  To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws. Each Party expressly consents to the continuing exercise of jurisdiction by the Court over any and all claims or disputes arising out of this Agreement. Each Party agrees that the Court has jurisdiction to enter a final order approving this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first above written.

By: *Brian R. Anderson*
Brian R. Anderson, Chapter 7 Trustee for the bankruptcy estate of Chadley Capital, LLC and not individually

Pintail Properties, LLC

By: *David S/k*
Name: *David Sprouse*
Its: *Member/Chief Manager*

3

172615699.1