IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CONSOLIDATED ESTATE OF | ) | CASE NO. 24-10170 |
| CHADLEY CAPITAL, LLC AND | ) | |
| GRACE MCLAIN CAPITAL | ) | |
| ADVISORS, LLC | ) | |
| DEBTOR. | ) | CHAPTER 7 |
| | ) | |

**NOTICE OF SERVICE OF SUBPOENA**

PLEASE TAKE NOTICE that on January 6, 2026, the Trustee, by and through the undersigned counsel, intends to serve a Subpoena on the following party via regular mail and certified mail, return receipt requested:

        Columbia Premier Trust, a division of Columbia Bank
        Attn: Officer
        1801 California St., Suite 800
        Denver, CO 80202

        Columbia Premier Trust, a division of Columbia Bank
        Attn: Officer
        17901 Von Karman Avenue, Suite 1200
        Irvine, CA 92614

        Columbia Bank
        Attn: Officer
        445 Se Main St.
        Roseburg, OR 97470

    A copy of the Subpoena is attached hereto.

    This the 6th day of January, 2026.

                        _s/Brian R. Anderson_
                        Brian R. Anderson
                        N.C. State Bar No. 37989
                        Fox Rothschild LLP
                        230 N. Elm Street, Suite 1200
                        Greensboro, NC 27401
                        Telephone: 336-378-5205
                        branderson@foxrothschild.com
                        *Attorney for Trustee*

163180977.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CONSOLIDATED ESTATE OF** | ) | CASE NO. 24-10170 |
| **CHADLEY CAPITAL, LLC AND** | ) | |
| **GRACE MCLAIN CAPITAL** | ) | |
| **ADVISORS, LLC** | ) | |
| **DEBTOR.** | ) | CHAPTER 7 |
| | ) | |

CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that a copy of the foregoing NOTICE OF SERVICE OF SUBPOENA was duly served upon the following by electronic means or by depositing same enclosed in a post paid, properly addressed envelope in a Post Office or official depository under the exclusive care and custody of the United States Postal Service:

John Paul H. Cournoyer
U.S. Bankruptcy Court Administrator
101 South Edgeworth Street
Greensboro, NC  27401

Chadley Capital, LLC
c/o Josh Bennett
Bennett Guthrie, PLLC
1560 Westbrook Plaza Dr.
Winston-Salem NC 27103

All parties that have filed a
Notice of Appearance in the case

This the 6th day of January, 2026.

 */s/ Brian R. Anderson*
Brian R. Anderson
N.C. State Bar No. 37989
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
Telephone: 336-378-5205
branderson@foxrothschild.com
*Attorney for Trustee*

2

163180977.1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
__Middle__ District of __North Carolina__

In re __Consolidated Estate of Chadley Capital, LLC and Grace McLain Capital Advisors, LLC__
Debtor
_(Complete if issued in an adversary proceeding)_

Case No. __24-10170__

Chapter __7__

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Columbia Private Trust f/k/a Pacific Premier Trust, a division of Columbia Bank__
_(Name of person to whom the subpoena is directed)_

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Attached**

| PLACE | DATE AND TIME |
|---|---|
| Fox Rothschild LLP, Attn: Brian R. Anderson, 230 N. Elm Street, Suite 1200, Greensboro NC 27401, branderson@foxrothschild.com | January 19, 2026, 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/6/26

CLERK OF COURT

_____       OR       _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Brian R. Anderson, Trustee__, who issues or requests this subpoena, are:
230 N. Elm Street, Suite 1200, Greensboro, NC 27401; branderson@foxrothschild.com; 336-378-5205

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SO ORDERED.**

**SIGNED** this 5th day of January, 2026.



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **CHADLEY CAPITAL, LLC** | ) CASE NO. 24-10170 |
| | ) |
| DEBTOR. | ) CHAPTER 7 |
| | ) |

**ORDER DIRECTING PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO COLUMBIA PRIVATE TRUST F/K/A PACIFIC PREMIER TRUST**

THIS MATTER came before the above signed United States Bankruptcy Judge upon the Motion for Order Directing Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to Columbia Private Trust, a division of Columbia Bank, f/k/a Pacific Premier Trust filed on December 11, 2025 by Brian R. Anderson, Chapter 7 Trustee [Doc. No. 372] (the "Motion"). After being noticed by the Court on December 12, 2025, that if no objections were filed on or before December 29, 2025, the Court would consider the Motion without a hearing, and that if objections were filed a hearing would be held on January 8, 2026 at 9:30 a.m. in the United States Bankruptcy Court, Courtroom 2, Second Floor, 101 South Edgeworth St., Greensboro, NC 27401. No party in interest objected to the Motion. After review of the Motion, the Court finds that cause exists to grant the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is hereby GRANTED; and

2. Columbia Private Trust, a division of Columbia Bank, f/k/a Pacific Premier Trust shall produce to counsel for the Trustee (Brian R. Anderson, Fox Rothschild LLP, 230 N. Elm St., Suite 1200, Greensboro, NC 27401) the documents described in Exhibit A of the Motion for examination and copying within fourteen (14) days after the entry of this Order or such other place as may be mutually agreed or such later date as may be designated by the Trustee.

END OF DOCUMENT

PARTIES TO BE SERVED:

Columbia Private Trust, a division of
Columbia Bank
Attn: Officer
1801 California St., Suite 800
Denver, CO 80202

Columbia Bank
Attn: Officer
445 Se Main St.
Roseburg, OR 97470

John Paul H. Cournoyer
U.S. Bankruptcy Administrator
101 South Edgeworth Street
Greensboro, NC 27401

All parties that have filed a Notice of
Appearance in the case

Columbia Private Trust, a division of
Columbia Bank
Attn: Officer
17901 Von Karman Avenue, Suite 1200
Irvine, CA 92614

Chadley Capital, LLC
c/o Josh Bennett
Bennett Guthrie, PLLC
1560 Westbrook Plaza Dr.
Winston-Salem NC 27103

Brian R. Anderson
Chapter 7 Trustee
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
Greensboro NC 27401

# EXHIBIT A
# INSTRUCTIONS

In producing documents requested herein, you shall produce documents in full, without abridgment, abbreviation or expurgation of any sort.

All documents shall be segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein.

All documents requested herein as to which you withhold production on the basis of a claim of privilege or statutory authority shall be listed in accordance with the procedure described in the instruction above and shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; (g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom shown or explained; (j) present custodian; and (k) factual or legal basis for claimed privilege, or other specific authority— statutory or non-statutory—providing the basis claimed for non-production.

All documents requested herein which have been destroyed, placed beyond your control, or otherwise disposed of shall be identified by: (a) author(s); (b) addressee(s); (c) date; (d) type of document; (e) subject matter; (f) number of pages; (g) number of attachments or appendices; (h) indicated or blind copies; (i) all persons to whom distributed, shown or explained; (j) date of destruction or other disposition; (k) reason for destruction or other disposition; (l) person authorizing destruction or other disposition; (m) person destroying or otherwise disposing of document; and (n) if not destroyed, person in possession of document otherwise disposed of.

"And" or "or" shall be construed in the conjunctive or disjunctive as necessary to make the interrogatory inclusive rather than exclusive.

The use of the singular form of any word includes the plural and vice versa.

The use of the word "including" shall be construed to mean "without limitation."

In the event that any information, documents, materials, or items come to your attention, possession, custody, or control subsequent to the filing of your responses to these document requests, which materials or information are responsive to any of the foregoing requests, but which were not included in your initial response or production thereto, please supplement and furnish the additional information and materials as soon as possible.

# DEFINITIONS

1.  "Columbia", "you", or "your" refers to Columbia Private Trust, a division of Columbia Bank, f/k/a Pacific Premier Trust, and its present or former owners, officers, employees, managers, agents, attorneys, accountants, contractors, suppliers, investigators, consultants, representatives, and any other person (as defined herein) acting for or on behalf of or under

179632584.2

direction or control of Columbia, and any successors or assigns of the persons or entity described in this definition.

        2.      "Chadley Capital" or "Debtor" refers to Chadley Capital, LLC, the debtor in Chapter 7 bankruptcy, case number 24-10170 filed in the United States Bankruptcy Court for the Middle District of North Carolina, and its present or former owners, officers, employees, managers, agents, attorneys, accountants, contractors, suppliers, investigators, consultants, representatives, and any other person (as defined herein) acting for or on behalf of or under direction or control of Debtor, and any successors or assigns of the persons or entity described in this definition.

        3.      "Document" or "Documents" is used in its broadest sense and includes originals, copies (whether photocopied, electronic, or otherwise) and drafts of written, printed, recorded, or graphic matter including writings, drawings, graphs, charts, photographs, electronically stored information of any kind, video and/or audio recordings (whether on tape, disk, or otherwise), electronic mail, communications, and other data compilations from which information can be obtained and translated, if necessary, by detection devices into reasonably usable form and any other written, recorded, transcribed, filed, punched, taped, or graphic or physical thing or embodiment of computer data however produced or reproduced, including, without limitation, files, agreements, contracts, notes, letters, correspondence, communications, reports, statements, logs, telephone messages, diaries, calendars, minutes, schedules, books, manuals, records, accountings, journals, lists, checks, receipts, proposals, estimates, and memoranda.

        4.      "Communication" or "Communications" means any manner or form of information or message transmission, however produced or reproduced, whether through a "Document" as herein defined, orally, or otherwise, which is made, distributed or circulated between or among persons, or data storage or processing units, and any and all Documents containing, consisting of, or relating or referring in any way, either directly or indirectly, to a communication, whether or not any such Document or the information contained therein was transmitted by its author to any other person.

        5.      "Investors/Promissory Note Holders" means any person or entity that loaned money to Debtor through Columbia.

        6.      As used herein, the terms "relating to", "relates to," "related to," and "regarding" mean relating in any way, directly or indirectly, to a document, event, act, person, occurrence or matter, or to a class of documents, events, acts, persons, occurrences or matters described in the document request and includes, without limitation, analyzing, constituting, evidencing, comprising, summarizing, discussing, describing, concerning, reflecting, showing, referring to, containing, affecting, pertaining to, in connection with, or supporting the event(s), act(s), person(s), occurrence(s), or matters(s) described in the request.

## REQUESTED DOCUMENTS

Please produce the following documents in your possession, custody, or control:

179632584.2

1. All documents relating to or identifying any transactions, transfers, payments, deposits, or conveyances of funds or money from Debtor to Columbia or from any of Debtor's Investors/Promissory Note Holders to Columbia.

2. All documents relating to agreements or contracts with the Debtor or the Debtor's Investors/Promissory Note Holders.

3. All documents relating to Columbia's use of any payments, transfers, conveyances, or deposits, it received from Debtor or any of Debtor's Investors/Promissory Note Holders.

4. All documents relating to any transfers, transactions, conveyances, or payments by Columbia of funds or money it received from Debtor or any of Debtor's Investors/Promissory Note Holders.

5. All documents relating to the identity of individuals, or other third parties to which Columbia transferred, sent, paid, conveyed, or deposited money or funds it received from Debtor or Investors/Promissory Note Holders.

6. All documents related to any assets acquired through the use of funds, money, assets, or payments received from Debtor or any of Debtor's Investors/Promissory Note Holders.

7. All documents relating to or identifying the sums or amounts of money or funds Columbia received from Debtor or any of Debtor's investors/promissory note holders.

8. All documents relating to the recipient or destination to which Columbia transferred, sent, conveyed, deposited, or paid money or funds it received from Debtor or any of Debtor's Investors/Promissory Note Holders.

9. All documents relating to Columbia's control, storage, management, or oversight of funds or money it received from Debtor or any of Debtor's Investors/Promissory Note Holders.

10. All documents related to due diligence performed by Columbia in connection with services provided to Debtor or any of Debtor's Investors/Promissory Note Holders.

11. All communications related to any transfers, payments, deposits, or conveyances to/from Debtor or any of Debtor's Investors/Promissory Note Holders.

12. All communications between Columbia and third parties related to any transfers by Columbia of funds or money it received from Debtor to third-parties.

13. All communications between Columbia, and Bill Rhew or Debtor.

179632584.2

14. All communications with Debtor's Investors/Promissory Note Holders related to or that had business dealings with Debtor that transferred or rolled their preexisting 401(k) or IRA over to Columbia.

15. All documents and communications related to any Investors/Promissory Note Holder that was referred to you by Bill Rhew or Debtor.

16. All documents, communications, information, or materials related to any of Your fees for services provided to Debtor, Bill Rhew, or Debtor's Investors/Promissory Note Holders including, but not limited to, fees or amounts charged and received by Columbia from the Debtor or the Debtor's Investors/Promissory Note Holders.

17. All documents or communications related to your involvement or position as a custodian for any of the Debtor's Investors/Promissory Note Holders.

179632584.2